FILED

2022 Oct-18  AM 09:32
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **RACHELLE GENDRON,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 2:22-cv-01205-ACA** |
| | ] | |
| **GWEN CONNELLY, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## <u>MEMORANDUM OPINION</u>

Pro se Plaintiff Rachelle Gendron filed this lawsuit against multiple defendants for alleged violations of her rights under the First, Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. (Doc. 1). Upon a *sua sponte* review of Ms. Gendron's complaint, the court found that it was a shotgun pleading and directed Ms. Gendron to file an amended complaint. (Doc. 4). The court's order included extensive directions about how Ms. Gendron should organize her arguments to ensure her amended complaint was not another shotgun pleading. (*Id.*). Ms. Gendron then filed an amended complaint that did not fix any of the issues with her original complaint. (Doc. 5). Because Ms. Gendron has continued to fail to follow the procedural requirements of pleadings under Federal Rules of Civil Procedure 8(a)(2) at 10(b), this court **WILL DISMISS** her claims with prejudice.

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." The Eleventh Circuit has explained that pleadings "that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Shotgun pleadings fall into "four rough types of categories." *Id.* at 1323. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third is one that does "not separate[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1323. And the fourth complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants

2

are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Ms. Gendron filed this lawsuit seeking damages and injunctive relief for violations of her constitutional rights when she was arrested after an altercation with her mother's ex-husband. (*See* doc. 1 at 9–10). Ms. Gendron's original complaint was not separated into counts or claims but instead listed Constitutional amendments she alleged the defendants violated without any explanation behind the circumstances of their violation. (*Id.* at 5). The original complaint named four defendants but did not specify which defendants violated each of Ms. Gendron's Constitutional rights. (*Id.* at 1–9). The complaint was also replete with conclusory statements that made the factual background of her allegations nearly impossible to follow. (*Id.*).

Upon *sua sponte* review, the court struck Ms. Gendron's complaint and ordered her to replead in conformity with the Federal Rules of Civil Procedure and Eleventh Circuit precedent. (Doc. 4). The court's order explained what a shotgun pleading was and why these pleadings are condemned in the Eleventh Circuit. (*Id.* at 1–3). The court listed the failures of Ms. Gendron's initial complaint and explained that she would need to separate her complaint into counts and identify which defendant she was suing under each count. (*Id.* at 4–5). Finally, the court explained how Ms. Gendron could avoid conclusory statements in her factual

3

allegations and included a specific example of a conclusory statement in her complaint and what facts she should incorporate to avoid this flaw in her amended complaint. (*Id.* at 5).

Despite this direction from the court, Ms. Gendron's amended complaint suffers from the same issues as her original complaint. Her amended complaint continues to allege violations of the First, Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, but also adds three new defendants: the Thirtieth Judicial Circuit Court of Alabama, the St. Clair County District Attorneys Department, and the Office of the Sheriff of St. Clair County. (Doc. 5 at 3). Ms. Gendron groups her allegations against these three separate entities together and does not explain exactly what each entity did to be named in her complaint. (*Id.* at 12–13). For example, under her heading for these three defendants, Ms. Gendron asserts that she "called for help and ended up being prosecuted for a crime against the State of AL[.] No one would listen to me as they kept referring to me as being 'the one that is being charged with a crime.'" (*Id.* at 12). Ms. Gendron does not explain who she called, who was not listening to her, or who referred to her as "the one being charged with a crime." (*Id.*). Relatedly, Ms. Gendron does not explain why these statements would have violated any of her Constitutional rights. (Doc. 5 at 12–13). These claims are conclusory, vague, and fail to put the Thirtieth Judicial Circuit Court of Alabama, the St. Clair

County District Attorneys Department, and the Office of the Sheriff of St. Clair County on notice of the claims against them.

Elsewhere in her amended complaint, Ms. Gendron has listed the basis for each alleged violation of her Constitutional rights but does not clarify which defendant each count is brought against. (*Id.* at 9–10). For example, in her claim under the Fourth Amendment, Ms. Gendron alleges that there was no probable cause for her arrest. (*Id.* at 9). The only entity discussed in this allegation is an unidentified "deputy" that allegedly changed the charge against her from Harassment to Assault Third. (*Id.*). The fact that she mentions a deputy might imply that this claim is brought against the Office of the Sheriff of St. Clair County, but Ms. Gendron does not say so. (Doc. 5 at 9). The defendants are not required to guess which claims are brought against them and which are not. *See Weiland*, 792 F.3d at 1323.

Ms. Gendron's amended complaint also continues to employ conclusory statements—including the conclusory statement the court specifically warned Ms. Gendron about. In its order to strike Ms. Gendron's original complaint, the court warned Ms. Gendron against conclusory statements and specifically pointed out that Ms. Gendron's statement that Ms. Connelly and Mr. Williamson "knew [that] since [Ms. Gendron's] arrest report was unapproved that she was innocent" is conclusory. (*Id.* at 5). The court included specific questions that the statement relies on that Ms. Gendron's complaint does not address. (*Id.*). Despite these clear instructions, Ms.

Gendron's amended complaint includes an allegation that Ms. Connelly and Mr. Williamson knew Ms. Gendron's arrest report was "unapproved" and that fact means they knew Ms. Gendron was innocent (doc. 5 at 10), completely disregarding the court's warning about this statement.

The Eleventh Circuit has repeatedly and vehemently condemned shotgun pleadings. *See Estate of David Bass v. Regions Bank*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020) ("As of 2008, [the Eleventh Circuit] had explicitly condemned shotgun pleadings upward of fifty times.") (quotation marks omitted); *see also Weiland*, 792 F.3d at 1321 (stating that as of 2015, the Eleventh Circuit had published more than sixty opinions about shotgun pleadings). Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense" on both the parties and the court. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). District courts retain the authority and discretion to dismiss a shotgun complaint on that basis alone as long as the court explains defects in the complaint and "give[s] the plaintiff one chance to remedy" a shotgun pleading before dismissing the case. *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (quotation marks omitted).

In its order to replead, the court warned Ms. Gendron that failure to file an amended complaint that complies with the Rules of Civil Procedure could result in dismissal of her case. (*See* doc. 4 at 6). And despite this notice, Ms. Gendron's

6

amended complaint still fails at its job of notifying the defendants "of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Accordingly, the court **WILL DISMISS** Ms. Gendron's claims with prejudice. The court will enter a separate order consistent with this memorandum opinion.

       **DONE** and **ORDERED** this October 18, 2022.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE